UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the Matter of the Discipline of ) | |
| ) | No. 17 MC 27 |
| Jason R. Craddock, Sr., ) | |
| ) | (Before the Executive Committee)[1] |
| an attorney ) | |

ORDER

      This Order finds that attorney Jason R. Craddock, Sr. has committed misconduct in violation of Rule of Professional Conduct 8.4(g), which is incorporated through Local Rule 83.50, by using gender-based, vulgar insults against opposing counsel. This Order also imposes discipline on Craddock for that violation.

      Craddock has been a member of the General Bar of this Court since April 2005, and became a member of the Trial Bar of this Court in September 2012. Among other cases, he currently represents the respective plaintiffs in 15 C 754, *Knapp v. Evgeros, Inc. et al.*, and 15 C 2758, *Wyman v. Evgeros, Inc.*

      On December 6, 2016, the defense counsel in those two cases submitted a complaint to the Executive Committee. According to the complaint, on September 15, 2016, in the Courthouse after a hearing in one of the cases, Craddock verbally and in person called a female associate attorney on the defense team a gender-based, vulgar term. Later, on December 3, 2016, Craddock emailed the same female attorney and, at the start of the email, altered the spelling of her first and last names in order to incorporate two gender-based, vulgar terms.

      On December 13, 2016, the Executive Committee issued a Rule to Show Cause against Craddock, directing him to show cause why discipline should not be imposed for his use of gender-based, vulgar language against the defense counsel. In his response, Craddock admitted to both the verbal and the e-mail insults. Craddock purported to apologize but asserted that it was opposing counsel who had belittled him in various ways in open court and in filings for over one year, and that he finally "snapped" and "lashed out."

---

[1] Judicial officers before whom Mr. Craddock has active appearances recused themselves from discussion and voting on this matter.

1

In light of the record, the Executive Committee finds that Craddock violated Rule of Professional Conduct 8.4(g) by "engag[ing] in conduct that the lawyer knows or reasonably should know is harassment or discrimination on the basis of ... sex." Craddock admits that he twice used gender-based, vulgar terms to insult defense counsel, one time in person and the second time in an e-mail. Both times, the circumstances underlying the insults were directly related to the litigation. Thus, Craddock's use of slurs against defense counsel was intended to intimidate her in the representation of her client. This conduct, along with its underlying intent, meets the definition of harassment or discrimination on the basis of sex, and violated Rule of Professional Conduct 8.4(g).

On the question of what discipline to impose, violations of Rule 8.4(g) are a serious form of attorney misconduct warranting correspondingly serious discipline. Gender discrimination and harassment undermines the interests of the public, the bar, and the courts in having a legal profession where sexism is no barrier to practice. And using gender discrimination and harassment in an attempt to intimidate opposing counsel in litigation is a direct attempt to undermine the interests of the opposing party as well.

The Executive Committee also finds that there are no substantial mitigating factors in Craddock's favor. Although Craddock has not previously been disciplined for misconduct, here he twice violated Rule 8.4(g). Indeed, for the second violation, Craddock composed an e-mail with the insult, complete with two quotations from opposing counsel's filing. Heat-of-the-moment does not mitigate the violations. For the same reason, Craddock's apparent reliance on disability is not convincing mitigation.

Nor has Craddock proven that defense counsel somehow spurred on the insults. Craddock did not offer transcripts of the alleged year-long "open court" abuse of defense counsel, nor does a review of the docket in the two cases support the accusation that defense counsel has needlessly opposed extension motions. *See* 15 C 754, R. 98 at 2-7 (detailing Plaintiff's missed deadlines and concluding, "The court is done accommodating Knapp's disdain for and/or inexcusable inability to abide by the schedule, particularly given the accommodations she has already received."); 15 C 2768, R. 15 C 2758, R. 35 ("It has come to the Court's attention that after twice asking for an extension of time to file plaintiff's response to defendant's motion for summary judgment, plaintiff's attorney Jason Craddock filed nothing. The Court requires an explanation. Plaintiff's attorney is ordered to appear and show cause why a sanction should not be imposed."). Thus, so far as the record shows, rather than

express genuine remorse, Craddock has falsely accused defense counsel as being equally blameworthy for his misconduct.

Although suspension will work a hardship on Craddock's clients and on his livelihood, in light of the severity of the misconduct and the lack of remorse, the Executive Committee orders that

       1.     Jason R. Craddock, Sr. is suspended from the General Bar of this Court for 12 months. No sooner than six months from the date of this Order, Craddock may petition the Executive Committee for reinstatement to the General Bar. Not only must the petition meet Local Rule 83.30(d)'s reinstatement standard and burden of proof, the petition must be supported by records demonstrating that Craddock has sought professional assistance to comply with the Rules of Professional Conduct and to deal effectively with his management of anger.

       2.     Jason R. Craddock, Sr. is stricken from the Trial Bar. No sooner than 12 months from the date of this Order, Craddock may petition the Executive Committee for reinstatement to the Trial Bar.

       3.     Within 21 calendar days of the docketing of this order, Jason R. Craddock, Sr. shall notify by certified mail, return receipt requested, all clients to whom he is responsible for pending matters before this Court of the fact that he cannot continue to represent them during the suspension from the General Bar.

       4.     Any login credentials issued to Jason R. Craddock, Sr. for access to the electronic filing system of this Court shall be disabled until the attorney is reinstated to active status with this District.

       5.     Within 35 days of the entry of this Order, Jason R. Craddock, Sr. shall file with the Assistant to the Clerk of the Court a declaration indicating his address to which subsequent communications may be addressed; and he shall keep and maintain records evidencing his compliance with this order so that proof of compliance will be available if needed for any subsequent proceeding instituted by or against him

6. The Clerk is directed to enter this Order into the public record.

7. The Clerk is directed to send a copy of this order and all relevant documentation to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois.

ENTER:

FOR THE EXECUTIVE COMMITTEE

_____
Chief Judge

DATED: January 18, 2017